Filed 5/6/22  P. v. Cejas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDREW ANTHONY CEJAS,<br><br>Defendant and Appellant. | C093031<br><br>(Super. Ct. No. 02F07057) |

Defendant Andrew Anthony Cejas appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends the trial court erred in summarily denying his petition after determining he failed to establish a prima facie case under the provisions of the statute.  He contends the trial court should have issued an order to show cause and allowed his petition to proceed for full

---

[1] Undesignated statutory references are to the Penal Code.

1

consideration on its merits, and the People agree.  We will reverse the trial court's order denying the petition for resentencing and remand the case for further proceedings.

BACKGROUND

A detailed recitation of the underlying facts is set forth in our prior consolidated opinion in this case.  (*People v. Potter* (Dec. 10, 2007, C052634/C053349) [nonpub. opn.] (*Potter*).)  Defendant lived with Kathryn Elizabeth Potter and defendant's 12-year-old son.  Defendant's son was abused and starved, and he eventually died from injuries during a beating that took place one evening.  Defendant's defense was that Potter was the killer.  Potter's defense was that she had suffered from years of abuse from defendant and was unable to oppose his will or seek help for the victim.  (*Potter, supra*, C053349.)

In 2004, defendant and Potter were charged with murder.  (§ 187)  It was further alleged defendant personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)), although this allegation was ultimately dropped by the prosecution.  A murder by torture special circumstance (§ 190.2, subd. (a)(18))[2] and two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) were also alleged as to defendant.

Defendant and Potter were tried together, but a mistrial was declared as to defendant after his counsel fell ill.  Potter was convicted of second-degree murder and felony child abuse resulting in death, and she was sentenced to 15 years to life.

On retrial a jury convicted defendant of first degree murder but did not find the torture special circumstance to be true.  The trial court found defendant had two prior strike convictions and sentenced him to 75 years to life.  On appeal, this court affirmed the judgment.  (*Potter, supra*, C053349.)

In 2019, defendant filed a petition for writ of habeas corpus claiming he was entitled to relief under section 1170.95, and that the trial court erroneously sentenced him under *People v. Vargas* (2014) 59 Cal.4th 635.  Defendant declared he had been

---

2 The special circumstance required the prosecution to prove that the murder was "intentional and involved the infliction of torture."  (§ 190.2, subd. (a)(18).)

2

unlawfully convicted of first degree felony murder based on "uncorroborated testimony of an accomplice" and that new evidence would demonstrate that he cannot be convicted of first or second degree murder under the new murder laws. He also declared a complaint or information was filed against him that allowed the prosecution to proceed under a theory of felony murder, that he was convicted of first degree or second degree murder under the felony-murder rule, and that he could not now be convicted of first degree murder based on the recent changes to sections 188 and 189. Defendant further declared he was not the actual killer, did not aid and abet the killing, and was not a major participant. He asked the trial court to appoint him counsel.

The trial court noted that defendant's section 1170.95 request should have been brought in a separate petition. It bifurcated the issues and construed defendant's section 1170.95 request as a petition under section 1170.95.

The trial court appointed counsel and received briefing from the parties, including exhibits of the jury instructions given. The jury instructions included (1) CALJIC No. 3.01 on aiding and abetting, (2) CALJIC No. 8.10 on murder by express or implied malice or by torture-murder felony-murder, (3) CALJIC No. 9.90 on the definition of torture under section 206, (4) CALJIC No. 8.20 on willful, deliberate, and premeditated killing with express malice aforethought, (5) CALJIC No. 8.21 on torture-murder felony-murder, (6) CALJIC No. 8.24 on torture murder, and (7) CALJIC No. 8.81.18 and a modified CALJIC No. 8.80.1 on the section 190.2, subdivision (a)(18) special circumstance for murder by means of torture. The jury was not instructed with CALJIC No. 3.02 on the natural and probable consequences doctrine.

In September 2020, the trial court denied defendant's section 1170.95 petition and declined to issue an order to show cause, finding that defendant had failed to state a prima facie case for relief. Relying on this court's factual summary in *Potter*, the trial court found the evidence was "sufficient for a jury to conclude, beyond a reasonable doubt, that defendant was the actual killer, as there is evidence of his prior similar acts

3

that would establish his identity as the killer, and the other testimony corroborated that he was the actual killer." In addition, the evidence was sufficient for a jury to conclude beyond a reasonable doubt that defendant acted with intent to kill based on the location and severity of the victim's injuries. Further, the evidence was sufficient for a jury to conclude beyond a reasonable doubt that, even if defendant was not the actual killer, he was a major participant in the commission of the torture, and that he acted with reckless indifference to human life. Based on the facts in this court's opinion, the trial court reasoned a jury could reasonably infer defendant personally participated in the torture or directed or assisted Potter in it. In addition, defendant had made no attempt to aid the victim or minimize the risk of violence in the commission of the torture. Finally, based on its analysis of the facts, the trial court also concluded the evidence was sufficient for a jury to conclude beyond a reasonable doubt that defendant committed first degree willful, deliberate, premeditated murder with intent to kill, and alternatively that he committed first degree murder by means of torture.

In making its findings, the trial court acknowledged that the jury had found not true the murder by torture special circumstance (§ 190.2, subd. (a)(18)). However, the trial court explained, "the court has no way of knowing whether the jury had found that [defendant] did not intend to kill the victim, or whether the jury had found that [defendant] did not intend to inflict torture, or whether the jury was unconvinced of both."

The trial court indicated it had not "undertaken any actual factfinding or engaged in any weighing or credibility determination." Instead, it had reviewed the facts in this court's opinion and the "sufficiency of the evidence presented against [defendant] at his trials that would allow a jury to conclude, beyond a reasonable doubt, that [defendant] is guilty of first degree murder under [sections 188 and 189] as amended by [Senate Bill No. 1437]." It likened its review to that performed by an appellate court.

4

Defendant contends the trial court erred in summarily denying his petition. He claims he properly alleged a prima facie basis for relief because there was a possibility his conviction was premised on a theory of felony murder with torture as the underlying felony. As defendant notes, the crime of torture requires an intent to inflict extreme and prolonged pain but does not require intent to kill or reckless indifference to human life. (§ 206.) Defendant further asserts it was error for the trial court to use the substantial evidence test at the prima facie stage. The People agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a

major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences doctrine . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a), as amended by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, Ch. 551, § 2).)

If the petitioner requests counsel and has filed a facially sufficient petition, the court shall appoint counsel. (§ 1170.95, subd. (b)(3).)  The parties must have an opportunity to file briefing, and then the court must hold a hearing to determine whether the petitioner has made a prima facie case for relief.  The court must issue an order to show cause if the petitioner makes a prima facie showing of entitlement to relief.  If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so. (§ 1170.95, subd. (c).)

The prima facie inquiry under section 1170.95, subdivision (c), is limited.  (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' " (*Ibid.*; see also *People v. Drayton* (2020) 47 Cal.App.5th 965, 978 (*Drayton*).)  Still, if the record, including the court's own documents and a prior appellate court opinion, contains facts refuting the allegations in the petition, " ' "the

6

court is justified in making a credibility determination adverse to the petitioner." ' "
(*Lewis*, at pp. 971-972.)

Once the trial court issues an order to show cause, it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subdivision (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d); *Drayton, supra*, 47 Cal.App.5th at pp. 980-981.)

Here, defendant stated in his declaration that he was convicted of first degree murder under the felony-murder rule, which would not have supported a murder conviction after the changes to sections 188 and 189. Given that the underlying felony would have been torture, which does not require an intent to kill or a reckless indifference to life (§ 206), the record of conviction does not necessarily refute defendant's statement. While it is possible that defendant was convicted on a theory of liability that is still permissible under sections 188 and 189, the mere existence of that possibility does not make defendant ineligible for relief as a matter of law. The evidence supporting defendant's conviction on a valid theory does not mean the record conclusively establishes the jury actually relied on that theory, nor does it establish that the jury did not rely on a now invalid theory. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 814-815.)

Construing the facts in favor of defendant, the petition fulfilled the requirements for relief in section 1170.95, subdivision (a), and the trial court should have issued an order to show cause for an evidentiary hearing. (*Drayton, supra*, 47 Cal.App.5th at pp. 982-983.) We will reverse the trial court's order denying the petition, and remand with directions to issue an order to show cause under section 1170.95, subdivision (c), and to hold a hearing under section 1170.95, subdivision (d). We express no opinion on whether defendant is entitled to relief following the hearing.

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed. The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under section 1170.95.


                                                            /S/

                                                            MAURO, J.


We concur:


/S/

BLEASE, Acting P. J.


/S/

ROBIE, J.

8